IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| BARBARA COOPER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) 3:10-0649 |
| | ) |
| ALLSTATE INSURANCE COMPANY, et al., | ) CHIEF JUDGE HAYNES |
| | ) |
| Defendants. | ) |

## CASE MANAGEMENT ORDER

**I.   Jurisdiction and Venue**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 by virtue of diversity of citizenship and an amount in controversy in excess of $75,000. There is no dispute as to jurisdiction in this matter.

**II.   Parties' Theories of the Case**

    A.   Cross-Plaintiff's Theory of the Case

Charlie Alexander, while driving a Greyhound Bus in the state of Kentucky was struck suddenly and violently from the rear by a tractor trailer driven by Bekir Osmicevic on behalf of MCR Trans, Inc. This collision occurred when the Greyhound Bus began to slow due to mechanical problems.

This collision was caused as a result of the careless and negligent behavior of Bekir Osmicevic in the operation of the tractor trailer, negligence per se, and the negligent hiring, training, and supervision of Bekir Osmicevic by MCR Trans, Inc. As a result of the negligence

of the defendants, Bekir Osmicevic and MCR Trans, Inc., the plaintiff, Charlie Alexander, suffered a knee injury, shoulder injury and Post Traumatic Stress Disorder.

B. Cross-Defendants MCR Trans, Inc. and Bekir Osmicevic's Theory of the Case

Defendant MCR Trans, Inc. contends that the sole proximate cause of the accident that gives rise to this lawsuit was the actions of Charlie Alexander and Greyhound Lines, Inc. As is alleged in the Complaint, Defendant Alexander fell asleep as he was driving on Interstate 65 South in Kentucky, approximately 28 miles from the Tennessee line. As a result, the Greyhound bus he was operating slowed to extremely slow and dangerous speeds, and Defendant Becir Osmicevic could not avoid striking the bus with his tractor-trailer just north of the Tennessee state line. Defendant Osmicevic could not have avoided the accident.

III. Schedule of Pretrial Proceedings

A. Rule 26(a)(1) Disclosure

The parties have already made their Rule 26(a)(1)(A) through (E) disclosures.

B. Meeting of Counsel and Parties to Discuss Settlement Prospects

The parties have already met and discussed settlement prospects.

C. Other Pretrial Discovery Matters

As determined at the case management conference on September 13, 2013, this action is set for a jury trial on _Thursday 11/4/14_ at _9:00am_. If this action is to be settled, the Law Clerk shall be notified by noon on _10/31/14_. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held on _October 24, 2014_ at _3:80pm_ A proposed pretrial order shall be submitted at the pretrial conference.

3

All discovery has been completed.

No discovery motions are anticipated at this time.

No dispositive motions are anticipated at this time.

All discovery related statements shall be filed by the close of business on August 1, 2014. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring and extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01, Local Rules of Court, shall govern.

By the close of business on June 3, 2014, the Cross-Plaintiff shall declare to the Defendants (not to file with the Court) the identity of his expert witnesses and provide all information specified in Rule 26(a)(2)(B).

By the close of business on July 15, 2014, the Cross-Defendants shall declare to the Cross-Plaintiff (not to file with the Court) the identity of their expert witnesses and provide all information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on August 15, 2014. There shall not be any rebuttal expert witnesses.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories and requests for admission upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert. In a diversity action, a treating physician is considered a fact witness unless the physician expresses opinions beyond the physician's actual treatment of the party.

The expert witness report required by Rule 26(a)(2)(B), Federal Rules of Civil Procedure, is considered to be the expert's direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable the parties to evaluate any Daubert challenges prior to filing dispositive motions; to avoid conflicts with the experts' schedules; and to avoid the costs of expert depositions.

Local Rule 39(c)(6)(c) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so **ORDERED**.

_____
William J. Haynes
United States District Judge


LEWIS, KING, KRIEG & WALDROP, P.C.

By:/s/David A. Changas
    David A. Changas, BPR No. 20679
    424 Church Street, Suite 2500
    P.O. Box 198615
    Nashville, TN 37219-8615
    (615) 259-1366
    *Attorneys for MCR Trans, Inc. and Bekir Osmicevic*


MINK & DUKE, PLLC

By:/s/Thomas F. Mink, II
    Thomas F. Mink, II, BPR No. 6067
    P.O. Box 198742
    Nashville, TN 37219-8742
    (615) 256-0138
    *Attorneys for Charlie Alexander*